*E-Filed 6/22/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SALVADOR NEGRETE,

    Plaintiff,

    v.

G.D. LEWIS, et al.,

    Defendants.

No. C 12-0809 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

# INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

# DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that in 2010 defendants, employees of Pelican Bay State Prison, violated his right of access to the courts by failing to (1) have a subscription to and allow access to copies of The Daily Journal's Daily Appellate Report, and (2) make photocopies of 402 pages of legal materials. In 2008, plaintiff had filed in state court a traverse and boxes of documents in support of this traverse. The state court had not asked for the further briefing, or for the materials plaintiff wanted to have photocopied in 2010.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an "actual injury." *See Lewis*, 518 U.S. at 350–55. To prove an actual injury, the prisoner must show that the

inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354–55.

Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. Specifically, plaintiff has not alleged specific facts regarding an <u>actual</u> injury. As to claim 1, he has not shown specifically that the failure to have access to the Daily Appellate Report hindered his ability to prosecute his specific action. Rather, he asserts generally that it is important to stay informed about developments in the law. This is insufficient to show an actual injury. As to claim 2, petitioner has not shown that the legal materials he wanted copies were a necessary part of filing his action or that the failure to file such materials resulted in an actual injury. More specifically, as his state action is still pending, he has not shown that the failure to copy such documents resulted in an adverse decision, or that they were otherwise material to prosecuting his state action.

In sum, the record shows that he was able to pursue a legal action and file boxes of supporting materials. On such facts, no actual injury is shown. Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. Failure to file an amended complaint by such time will result in dismissal of the action without further notice to plaintiff.

The first amended complaint must include the caption and civil case number used in this order (12-0809 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may <u>not</u> incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: June 21, 2012

_____
RICHARD SEEBORG
United States District Judge